## NAGLE VS BRADFIELD.

In a suit on a recognizance of bail in error, an affidavit of defence that sets forth that a sufficient sum had been realized by a Sheriff's sale of the co-obligor's property, to pay the judgment, is insufficient.

Error to the Common Pleas No. 1 of Philadelphia County. No. 21 July Term, 1883.

The action below to which this writ was taken was brought upon a recognizance, for bail in error. The original suit, being upon a mortgage, given by Banzhof to Bradfield, upon which a verdict was on for $1,265.23, and the case removed to the Supreme Court, No. 359 January Term, 1880. Leopold Nagle, plaintiff in error, and others gave the recognizance, the affidavit of defense, set forth *inter alia* ; Plaintiff seeks to recover a supposed balance, which he avers became due him, under certain writ of error taken in Common Pleas No. 1, September Term, 1876, No. 523. At the time of the taking of said writ of error, the plaintiff was awarded $1,265.24. The property of defendant was sold under plaintiff's writ and brought $1,400, more than sufficient to pay the whole of plaintiff's claim. Had it not been that the plaintiff had illegally issued certain writs of *sci. fa.*, which were set aside by this Court, and delayed the hearing of the case in the Supreme Court, by his neglect in not being ready when the case was called for argument, although defendants were ready. Defendants are not indebted to the plaintiffs in any sum whatever. The rule for judgment for want of a sufficient affidavit of defence was made absolute on March 17, 1883, and damages assessed of $215.54. Nagle then took a writ of error, complaining of the entry of the judgment.

*D. N. Collins, Esq.*, for plaintiff in error, argued that the affidavit of defence clearly avers payment and satisfaction. It is sufficient that an affidavit set forth a *prima facie* defense; Heaton vs. Horner, 35 Leg. Int., 146 ; Bank vs. Harkness, 6 W. N. C., 108 ; Bloomingdale vs. Ins. Co., 27 P. L. J., 33 ; Witaker vs. Read, 9 W. N. C., 144 ; Janeway vs. Moss, 10 W. N. C., 337 ; Selden vs. Neemes, 43 Penna., 421 ; Twitchell vs. McMurtrie, 77 Penna., 383 ; Christy vs. Bohlen, 5 Penna., 38 ;

Clayton vs. Neff, 1 W. N. C., 247 ; Milliken vs. Brown, 10 S. & R., 188 ; Gettysburg Bank vs. Thompson, 3 Gr., 119.

*Bradfield* and *Powell* for defendant in error. The amount of the verdict with interest to March 6, 1882, was $1,426.98. The amount received from the Sheriff was $1,201.24, leaving a balance due of $225.74. A recognizance of bail in error requires an affidavit of defence; Keyser vs. Dialogue, 4 W. N. C., 11 ; Bank vs. Thayer, 2 W. & S. 447. The defendant is bound to answer an averment, that the principal of a mortgage has become due by non-payment of interest; George vs. Building Association, 1 Walker, 533 ; see also Imhoff vs. Brown, 30 Penna., 506 ; and Clayton vs. Neff, 1 W. N. C., 430.

The Supreme Court affirmed the judgment of the Court below on February 4, 1884, in the following opinion,

PER CURIAM:

All the facts averred in the affidavit of defence are clearly insufficient to defeat a recovery of the claim. It is not alleged that the money realized from the sale of his co-obligor's property was applied on the debt due to the defendant in error. That fund is presumed to have been properly and legally distributed. If it was not, the remedy was by appeal from the decree of distribution. In this action it cannot be disturbed on the vague and indefinite allegation contained in the affidavit filed.

Judgment affirmed.